## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE | Case No. 14-10979 (CSS) |
| HOLDINGS CORP., *et al.*,[1] | (Jointly Administered) |
| *Debtors.* | Related to Docket Nos. 74, 470 and 473 and 797 |
| CSC TRUST COMPANY OF DELAWARE, as INDENTURE TRUSTEE, | |
| *Plaintiff,* | Adversary Proceeding |
| v. | No. 14-50363 (CSS) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | Related to Adversary Docket No. 1 and 9 |
| *Defendants.* | |

## SCHEDULING ORDER WITH RESPECT TO (A) CONTESTED MATTER MOTION, (B) ADVERSARY PROCEEDING, AND (C) STAY-APPLICABILITY MOTION

This matter having come before the Court on a Certification of Counsel; and the above-referenced Debtors and CSC Trust Company of Delaware, as Indenture Trustee (the "10% Trustee") for the 10% Senior Secured Notes Due 2020 issued by certain of the Debtors under the Indenture dated as of August 17, 2010 between Energy Future Intermediate Holdings and CSC Trust (as successor to The Bank of New York Mellon Trust Company, N.A.) (collectively, the

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered on an interim basis, a complete list of the debtors (the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

"Parties") having addressed at the May 22, 2014 hearing a proposed schedule governing certain matters as set forth below; and the Parties having conferred and agreed to a proposed schedule; and the Court finding good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED that:

1.     The following schedule, which may be modified by agreement of the Parties or for good cause shown upon motion to the Court, shall govern (a) the contested matter seeking a determination concerning the EFIH First Lien Noteholders' entitlement to a make-whole premium (the "Contested Matter Motion"), which is a portion of the relief sought in the Motion of Energy Future Intermediate Holding Company LLC and EFIH Finance, Inc. for Entry of (I) an Interim Order (A) Approving Certain Fees Related to Postpetition Financing and Granting Such Fees Administrative Expense Priority and (B) Scheduling a Final Hearing; and (II) a Final Order (A) Approving Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Claims, (C) Authorizing the Use of Cash Collateral, (D) Authorizing the EFIH First Lien Refinancing, (E) Authorizing Issuance of Roll-Up Debt to the Extent Authorized by the Settlement Motion, (F) Determining the Value of Secured Claims, and (G) Modifying the Automatic Stay (Docket No. 74) (the "EFIH First Lien DIP Financing Motion"); (b) the adversary proceeding filed by CSC Trust Company of Delaware, as 10% Trustee for declaratory relief on entitlement to a make-whole premium, Adversary Case No. 14-50363 (Docket No. 470) (the "Adversary Proceeding"); and (c) the Joint Motion of CSC Trust Company of Delaware, as Indenture Trustee, and Certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration (Docket No. 473) (the "Stay-Applicability Motion"):

| Description | Timing/Deadline |
|---|---|
| Deadline for third-party intervention.  The following entities shall be entitled to intervene by filing a notice (i.e. no motion to intervene is required), in the Adversary Proceeding:  the Official Committee of Unsecured Creditors, the Indenture Trustee for EFIH Second Lien Notes, the Indenture Trustee for EFIH 6 7/8% First Lien Notes, the Collateral Trustee for EFIH First Lien and Second Lien Notes, the Ad Hoc Committee of EFIH Second Lien Noteholders, the Indenture Trustee for the unsecured notes of EFIH (the "PIK Notes"), the Ad Hoc Committee of holders of PIK Notes, Fidelity (as defined in the EFIH First Lien DIP Financing Motion), and Pimco (as defined in the EFIH First Lien DIP Financing Motion).  Other persons must file intervention motions by this date; provided that the EFIH Debtors and the 10% Trustee may jointly agree to allow other persons to intervene by notice.  Persons not intervening shall not be entitled to be heard on the Contested Matter Motion, the Adversary Proceeding or the Stay-Applicability Motion except for good cause shown. | Wednesday,  June 11, 2014 |
| The Debtors shall answer the Adversary Proceeding Complaint<br><br>* *Rule 12(b) defenses shall be raised in the answer and addressed in subsequent summary judgment motions* | Friday, June 13, 2014 |
| Parties and intervenors shall provide initial disclosures pursuant to Rule 26(a) | Friday, June 13, 2014 |
| The 10% Trustee, Ad Hoc Group, and any other defendant (if any) shall answer any counterclaims asserted by the Debtors<br><br>* *Rule 12(b) defenses shall be raised in the answer and addressed in subsequent summary judgment motions* | Friday, June 27, 2014 |
| Combined pleading on motions for summary judgment, pre-trial memorandum, any opposition to the Contested Matter Motion, and any opposition to the Stay-Applicability Motion | Wednesday, July 30, 2014 |
| Combined pleading on summary judgment oppositions, and any reply in support of the Stay-Applicability Motion | Friday, August 15, 2014 |

| Description | Timing/Deadline |
|---|---|
| The combined hearing and trial concerning the Contested Matter Motion and the Adversary Proceeding | Wednesday, September 10, 2014 through Friday, September 12, 2014 |

        2.       The Parties shall separately seek entry of a discovery protocol upon notice and a hearing for potential intervenors (in the Adversary Proceeding) and parties in interest (with respect to the Contested Matter Motion and the Stay-Applicability Motion), and to third parties from which discovery is anticipated to be sought.

        3.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____June 4_____, 2014

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge