## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | Case No. 14-10979 (CSS) |
| *Debtors.* | (Jointly Administered) |
| CSC TRUST COMPANY OF DELAWARE, as INDENTURE TRUSTEE | |
| *Plaintiff,* | |
| v. | Adversary Proceeding No. 14-50363 (CSS) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | |
| *Defendants.* | **Re: Adv. D.I. 1** |

### ENERGY FUTURE INTERMEDIATE HOLDING
### COMPANY LLC'S AND EFIH FINANCE INC.'S ANSWER

Defendants Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (together, "EFIH," "Debtors," or "Defendants") hereby respond to the allegations in Plaintiff's Complaint for Declaratory Relief in accordance with the numbered paragraphs thereof, stating their defenses to each claim asserted against them. To the extent the unnumbered introductory paragraph and the unnumbered headings in the Complaint for Declaratory Relief contain

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.efhcaseinfo.com.

allegations supporting Plaintiff's claims, they are denied.  Defendants admit that Exhibit A and

Exhibit B to the Complaint for Declaratory Relief purport to constitute the Indenture dated as of

August 17, 2010 (together with all supplements, amendments, and exhibits) by and between

EFIH LLC, EFIH Finance, and Plaintiff (as successor to The Bank of New York Mellon Trust

Company, N.A.).  Defendants admit the second sentence of footnote 1 and admit that the 10%

Indenture and the 6.875% Indenture are substantively identical with respect to the issues raised

by Plaintiff's Complaint for Declaratory Relief (except for the amount of the Applicable

Premium).  Defendants lack knowledge and information sufficient to form a belief about the

truth of the remaining allegations in footnote 1, and therefore deny them.  All of the remaining

allegations that are not specifically admitted in this Answer are denied.[2]

## NATURE OF ACTION

1.      Defendants admit that Plaintiff purports to bring a declaratory judgment action by

which Plaintiff seeks a declaration that EFIH is obligated to pay a $665.2 million redemption

premium in connection with the proposed refinancing of the 10% Notes, but deny that Plaintiff is

entitled to any relief whatsoever.

2.      Defendants are without sufficient information or knowledge to admit or deny whether

any provision of the Indenture "induced holders to purchase notes," as alleged in the first sentence of

this paragraph, and therefore deny the same.  Defendants admit that the remaining allegations in

paragraph 2 may be true in some circumstances, but lack knowledge and information sufficient to

form a belief about the truth in all circumstances of the remaining allegations in paragraph 2, and

therefore deny them.

---

[2] Defined terms used in this Answer have the same meaning as in Plaintiff's Complaint for
Declaratory Relief.

3.      Defendants admit that EFIH seeks to repay the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium.  Defendants further admit that, before filing for chapter 11 protection, EFIH negotiated and obtained commitments for the EFIH First Lien DIP Financing, whose proceeds are being used to repay the 10% Notes, at a lower interest rate than the 10% Notes.  Defendants deny the last two sentences of paragraph 3.  Defendants deny the remaining allegations of this paragraph.

4.      Defendants admit that the Debtors sought and the Court has approved debtor-in-possession financing that will be used to repay all principal and accrued interest under the 10% Notes.  The remainder of paragraph 4 seeks to characterize the terms of the 10% Indenture, which is a writing that speaks for itself.  Defendants deny those allegations.

5.      Defendants admit the allegations of the first sentence of paragraph 5.  The remainder of paragraph 5 seeks to characterize the terms of the 10% Indenture, which is a writing that speaks for itself.  Defendants deny those allegations.

6.      Defendants admit that Plaintiff purports to seek a declaratory judgment affirming that, pursuant to Section 3.07 of the 10% Indenture, EFIH is obligated to pay the redemption premium in connection with the refinancing of the 10% Notes out of the proceeds of the proposed debtor-in-possession financing, but deny that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

7.      Defendants admit the statutory reference cited and refer to the cited provisions of law for a complete and accurate statement of their contents and requirements.  The remaining allegations of paragraph 7 constitute Plaintiff's legal conclusions, to which no response is required.

RLF1 10410114v.1

8.    Defendants admit the statutory reference cited and refer to the cited provisions of law for a complete and accurate statement of their contents and requirements.  The remaining allegations of paragraph 8 constitute Plaintiff's legal conclusions, to which no response is required.

9.    The first sentence of paragraph 9 is Plaintiff's legal conclusion, to which no response is required.  The remaining allegations of paragraph 9 do not require a response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9, and therefore deny them.

10.    Defendants admit the statutory reference cited and refer to the cited provisions of law for a complete and accurate statement of their contents and requirements.  The remaining allegations of paragraph 10 constitute Plaintiff's legal conclusions, to which no response is required.

## PARTIES

11.    Defendants lack knowledge or information sufficient to form a belief about the allegations of the first sentence of this paragraph and therefore deny them.  Defendants admit the second sentence of this paragraph.

12.    Defendants admit the first and second sentences of this paragraph.  Defendants further admit that EFIH LLC owns 100% of Oncor Electric Delivery Holdings Company LLC, which owns approximately 80% of Oncor Electric Delivery Company LLC.  Defendants further admit that Oncor Electric Delivery Company LLC, a non-debtor, is a regulated electricity transmission and distribution company that operates in Texas.  Defendants deny the remaining allegations of this paragraph.

13.    Defendants deny that EFIH LLC was formed for the sole purpose of serving as co-issuer with EFIH LLC of certain debt securities, including the 10% Notes.  Defendants admit the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

14.    Admitted.

15.    Defendants admit that, on April 29, 2014, EFIH filed a motion seeking to repay the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium.  Defendants further admit that, before filing for chapter 11 protection, EFIH negotiated and obtained commitments for the EFIH First Lien DIP Financing, whose proceeds will be used to repay the 10% Notes, at a lower interest rate than the 10% Notes. Defendants deny the remaining allegations in paragraph 15.

16.    Denied.

**I.     THE 10% INDENTURE**

17.    Admitted.

**II.    THE REDEMPTION PREMIUM**

18.    The allegations in paragraph 18 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself.  Defendants therefore deny the allegations of this paragraph.

19.    The allegations in paragraph 19 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself.  Defendants therefore deny the allegations of this paragraph.

20.    The allegations in paragraph 20 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself.  Defendants therefore deny the allegations of this paragraph.

21.    The allegations in paragraph 21 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself.  Defendants therefore deny the allegations of this paragraph.

22.    Denied.

23.    Denied.

RLF1 10410114v.1

24.     The allegations in paragraph 24 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

25.     The allegations in paragraph 25 seek to characterize the terms of the 10% Indenture and EFIH's Form S-4 Registration Statement dated July 16, 2010, which are writings that speak for themselves. Defendants therefore deny the allegations of this paragraph.

26.     Defendants deny the first sentence of paragraph 26. The second sentence of paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the second sentence of paragraph 26.

27.     Defendants admit that EFIH was, among other parties, including the dealer managers (and their counsel) involved in the exchange offer in which the 10% Notes were initially offered, involved in drafting the 10% Indenture and the 10% Notes. The remaining allegations in paragraph 27 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph to the extent the allegations seek to characterize the terms of the 10% Indenture.

28.     Defendants admit that the Indenture dated as of December 5, 2012 issued by EFIH for unsecured notes contains certain provisions that are substantively identical to the 10% Indenture. Defendants deny the remaining allegations of paragraph 28.

## III.     THE REFINANCING OF THE FIRST LIEN NOTES CONSTITUTES A REDEMPTION

29.     Denied.

30.     Defendants admit that, in the approximately nine months prior to the Petition Date, the Debtors had conversations with certain holders of EFIH unsecured bonds about potentially repaying the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law,

RLF1 10410114v.1

without the payment of a so-called redemption premium. The remainder of paragraph 30 seeks to characterize Exhibit 99.2 of EFIH's Form 8-K dated October 15, 2013 and Exhibit 99.1 of EFIH's Form 8-K dated November 1, 2013, which are writings that speak for themselves. Defendants therefore deny the allegations of this paragraph to the extent the allegations seek to characterize the terms of the 10% Indenture.

31.     Admitted.

32.     Admitted. EFIH also negotiated certain terms of the EFIH First Lien DIP Financing after the Petition Date.

33.     Defendants admit that the amount of the EFIH First Lien DIP Financing was based, in part, on repaying all outstanding principal and interest on the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium. Defendants deny the remaining allegations of this paragraph.

34.     Defendants admit that, prior to the Petition Date, EFIH entered into agreements to pay commitment and other fees to one or more lenders to secure commitments for the EFIH First Lien DIP Financing. The proceeds of that debt would be available to repay the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium. Defendants deny the remaining allegations of this paragraph.

35.     Admitted.

36.     Denied.

37.     Defendants admit that, on May 7, 2014, EFIH commenced an exchange offer for the 10% Notes as set forth in an Information Memorandum available at Docket No. 363-1.

IV.    **INTENTIONAL DEFAULT**

38.    Defendants admit that EFIH incurred new debt in exchange offers in late 2012. Defendants lack knowledge and information sufficient to form a belief about when the current holders of EFIH unsecured notes first became creditors at the EFIH level, and therefore deny the remaining allegations of this paragraph.

39.    Defendants admit that the EFIH First Lien DIP Financing Motion sought to repay the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium. Defendants deny the remaining allegations of this paragraph.

40.    Defendants admit that EFIH management discussed a potential restructuring of EFIH with certain holders of substantial amounts of EFIH unsecured notes that would involve the repayment of the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium. Defendants deny the remaining allegations of this paragraph.

41.    Defendants lack knowledge and information sufficient to form a belief about the allegations of this paragraph and therefore deny them.

42.    Defendants admit that the Restructuring Support and Lock-Up Agreement, which was signed by EFIH and Energy Future Holdings Corp. prior to filing for chapter 11 protection, contemplates an amendment of the Oncor Tax Sharing Agreement so that, subject to, and after, Court approval, Oncor would directly pay EFIH certain periodic tax payments that would have otherwise been paid to Energy Future Holdings Corp. Defendants deny the remaining allegations of this paragraph.

RLF1 10410114v.1

43.    Defendants admit that, when EFIH filed its chapter 11 petitions, EFIH intended to seek to repay the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium. Defendants deny the remaining allegations of this paragraph.

## V.    RESCISSION OF ACCELERATION

44.    The allegations in paragraph 44 seek to characterize the terms of the 10% Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

45.    The allegations in paragraph 45 constitute Plaintiff's legal conclusions, to which no response is required. Defendants therefore deny the allegations of this paragraph.

## VI.    THE REDEMPTION PREMIUM IS A SECURED OBLIGATION OF EFIH

46.    Defendants admit that the Collateral includes, among other things, a pledge of the 100% ownership interest of EFIH LLC in Oncor Electric Delivery Holdings Company LLC. The remaining allegations in paragraph 46 seek to characterize the terms of the Collateral Trust Agreement and the Pledge Agreement, which are writings that speak for themselves.

47.    The allegations in paragraph 47 seek to characterize the terms of the Collateral Trust Agreement, which is a writing that speaks for itself.

48.    Admitted.

49.    Admitted.

50.    Defendants admit that, as of the Petition Date, the value of the Collateral, as implied by the ratio at which the EFIH second lien debtor-in-possession financing (as referenced in EFIH's motion for approval of the second lien debtor-in-possession financing (Docket. No. 477)) converts to equity under the Restructuring Support and Lock-Up Agreement, exceeds the aggregate amount of

the outstanding principal and accrued but unpaid interest under the 10% First Lien Notes and other

notes that are *pari passu* with them.  Defendants deny the remaining allegations of this paragraph.

## COUNT I

### (Declaratory Judgment that EFIH's Refinancing of the 10% Notes Constitutes a Redemption Requiring Payment of the Applicable Premium as an Allowed Secured Claim)

51.    The responses to all paragraphs set forth above are incorporated by reference as if

fully set forth herein.

52.    The allegations of paragraph 52 constitute Plaintiff's legal conclusions, to which no

response is required.

53.    Denied.

54.    Denied.

55.    Admitted, though Defendants deny any implication that the Applicable Premium

might be owed after the Debtors' repayment of the 10% Notes, which were automatically accelerated

upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration

provision and by operation of law, without the payment of a so-called redemption premium.

56.    Admitted, though Defendants deny any implication that the Applicable Premium

might be owed after the Debtors' repayment of the 10% Notes, which were automatically accelerated

upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration

provision and by operation of law, without the payment of a so-called redemption premium.

57.    Denied.

## COUNT II

### (Declaratory Judgment that EFIH's Default Under the 10% Notes With an Intent to Deny the Premium Requires Payment of the Applicable Premium as an Allowed Secured Claim)

58.    The responses to all paragraphs set forth above are incorporated by reference as if

fully set forth herein.

RLF1 10410114v.1

59.     The allegations of paragraph 59 constitute Plaintiff's legal conclusions, to which no response is required.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Admitted, though Defendants deny any implication that the Applicable Premium might be owed after the Debtors' repayment of the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium.

64.     Admitted, though Defendants deny any implication that the Applicable Premium might be owed after the Debtors' repayment of the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium.

65.     Denied.

## COUNT III

**(Declaratory Judgment that the Majority Holders' Right to Rescind Acceleration of the 10% Notes Gives Rise to an Allowed Secured Claim)**

66.     The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

67.     The allegations of paragraph 67 constitute Plaintiff's legal conclusions, to which no response is required.

68.     Admitted.

69.     Denied.

70.     Denied.

RLF1 10410114v.1

71.     Admitted, though Defendants deny any implication that the Applicable Premium might be owed after the Debtors' repayment of the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium.

72.     Admitted, though Defendants deny any implication that the Applicable Premium might be owed after the Debtors' repayment of the 10% Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called redemption premium.

73.     Denied.

## COUNT IV

**(Declaratory Judgment that, in the Alternative, EFIH's Refinancing of the 10% Notes Gives Rise to an Unsecured Claim)**

74.     The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

75.     The allegations of paragraph 75 constitute Plaintiff's legal conclusions, to which no response is required.

76.     Denied.


Wherefore, Defendants deny that Plaintiff is entitled to the relief requested in its Complaint for Declaratory Relief.


*[Remainder of page intentionally left blank.]*

Dated:  June 13, 2014
        Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              defranceschi@rlf.com
              madron@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        richard.cieri@kirkland.com
              edward.sassower@kirkland.com
              stephen.hessler@kirkland.com
              brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini  (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              chad.husnick@kirkland.com
              steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession