# EXHIBIT B

**Excerpts from July 18, 2014 Hearing Transcript**

Page 1

```
 1    UNITED STATES BANKRUPTCY COURT
 2    DISTRICT OF DELAWARE
 3
 4
 5    In re:                          :
                                      :   Chapter 11
 6    ENERGY FUTURE HOLDINGS          :
      CORP.,  et al.,                 :   Case No. 14-10979(CSS)
 7                                    :
             Debtors.                 :   (Jointly Administration
 8    _____  :   Requested)
      CSC TRUST COMPANY OF DELAWARE, :
 9    as INDENTURE TRUSTEE,           :
                                      :
10           Plaintiff,               :
                                      :
11        v.                          :   Adv. Proc. No. 14-50363
                                      :   (CSS)
12    ENERGY FUTURE INTERMEDIATE      :
      HOLDING COMPANY LLC and EFIH    :
13    FINANCE INC.,                   :
                                      :
14           Defendants.              :
      _____  :
15                                    :
      COMPUTERSHARE TRUST COMPANY,    :
16    N.A. and COMPUTERSHARE TRUST    :
      COMPANY OF CANADA, as           :
17    INDENTURE TRUSTEE,              :
                                      :   Adv. Proc. No. 14-50405
18           Plaintiffs,              :   (CSS)
                                      :
19        v.                          :
                                      :
20    ENERGY FUTURE INTERMEDIATE      :
      HOLDINGS COMPANY LLC and EFIH   :
21    FINANCE INC.,                   :
                                      :
22           Defendants.              :
      _____  :
23
24
25
```

Page 2

1          United States Bankruptcy Court

2          824 North Market Street

3          Wilmington, Delaware

4          July 18, 2014

5          9:35 AM - 12:11 PM

6

7

8

9    B E F O R E :

10   HON CHRISTOPHER S. SONTCHI

11   U.S. BANKRUPTCY JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ECR OPERATOR:  AL LUGANO

Page 65

1   will again be able to submit that to Your Honor next week on

2   certification, and obviously Your Honor will have to look at

3   it and make sure it is agreeable to you.

4           But I wanted to give you that report so you could

5   look at your schedule.

6           I -- that's what I have on status.  I do -- happy

7   to get confirmation, would like confirmation from the

8   debtors that what I've said is accurate.

9           MR. MCGAAN:  Andrew McGaan again for the debtors,

10  Your Honor.

11          Mr. Anker is correct that we're in discussions

12  about the scheduling following the conference with Your

13  Honor a week ago in thinking about how the summary judgment

14  schedule fits in and feathers in with the trial date and

15  then some overhanging discovery issues.  We're not there

16  yet, but we're in active discussion about the issues he just

17  raised.

18          And with respect to the status of discovery I'm

19  just going to ask my partner, David Dempsey, to address

20  that, he's been handling that and give you just a very brief

21  report of where we are there.

22          THE COURT:  Okay.

23          MR. DEMPSEY:  Good morning, Your Honor.  David

24  Dempsey, Kirkland & Ellis, proposed counsel for the debtors.

25          Just to provide a brief update.

1          The debtors did produce a substantial amount of

2     material, Your Honor, in June concerning the negotiations of

3     a number of the relevant indentures, both to the first lien

4     indentures, Your Honor, a predicate indenture on which that

5     one was based, the second lien indenture, which is the

6     subject of a separate dispute but about which the first

7     liens also sought discovery, and the predicate indenture

8     concerning actually that second lien indenture as well.  So

9     five indentures in total, negotiation (indiscernible -

10    10:50:09).

11         Since then we've been reviewing a slew of

12    materials running up to the petition date concerning a

13    number of requests that the first lien trustee has asked

14    about the reasons for EFIH's bankruptcy filing, specifically

15    they have a theory that we intentionally defaulted in order

16    to avoid that make-whole.  We don't believe that's the case,

17    we're providing discovery to make that clear.  EFIH filed

18    for the oldest reason in the book, it was running out of

19    case.

20         Since then, Your Honor, we've been meeting and

21    conferring I'd say extensively with counsel for the first

22    lien trustee about a number of additional search terms and

23    custodians that would stretch that discovery back to the

24    original buyouts of EFH and EFIH in 2007.  In that context,

25    Your Honor, there were a number of indentures that were