IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>ENERGY FUTURE<br>HOLDINGS CORP., *et al.*,<br><br>*Debtors*. | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |
| CSC TRUST COMPANY OF<br>DELAWARE, as INDENTURE TRUSTEE,<br><br>*Plaintiff*,<br><br>v.<br><br>ENERGY FUTURE INTERMEDIATE<br>HOLDING COMPANY LLC and<br>EFIH FINANCE INC.,<br><br>*Defendants*. | Adversary Proceeding<br>No. 14-50363 (CSS) |

## BIFURCATION ORDER

Upon this Court's Opinion dated August 15, 2014 [Dkt. No. 105],[1] the letter brief submitted by counsel to Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (collectively, the "EFIH Debtors"), dated August 13, 2014 [Dkt. No. 108], the responsive letter brief submitted by counsel to Delaware Trust Company, f/k/a CSC Trust Company of Delaware, as successor indenture trustee for the holders of 10% Senior Secured Notes Due 2020 (the "Indenture Trustee" and the "Senior Secured Notes," respectively), dated August 15, 2014 [Dkt. No. 109], the letter submitted by counsel for the EFIH Debtors, dated September 11, 2014 [Dkt. No. __], and the letter submitted by counsel for the Indenture Trustee, dated September 11,

---

[1] Unless noted otherwise, all references to Docket Numbers are to the numbers in the above-captioned adversary proceeding (the "Adversary Proceeding").

1

2014 [Dkt. No. __]; and for the reasons stated on the transcript of the telephonic hearing held on August 19, 2014 [Dkt. No. 116]; and for good cause shown; pursuant to Fed. R. Civ. P. 42(b), as incorporated by Fed. R. Bankr. P. 7042, it is hereby

ORDERED that the trial and discovery in this Makewhole Litigation[2] shall be bifurcated into two parts, as more fully described in this Order: Phase One, which will determine whether the EFIH Debtors[3] are liable under applicable non-bankruptcy law for or on a Redemption Claim (as defined below) to the Indenture Trustee and/or Noteholders (as defined below; the Indenture Trustee and such Noteholders, the "First Lien Claimants"); and, if necessary, Phase Two, which will determine (a) whether the EFIH Debtors are insolvent, and, if so, whether that insolvency gives rise to any defenses arising under the Bankruptcy Code in favor of the EFIH Debtors that bar or limit the amount of such a Redemption Claim, and (b) the dollar amount of any damages or other sums owed by the EFIH Debtors to the First Lien Claimants on any allowed Redemption Claim; and it is further

ORDERED that the parties shall litigate and the Court shall consider and determine in Phase One whether the Indenture Trustee, on behalf of holders of the Senior Secured Notes (the "Noteholders"), is entitled to (a) payment of a "makewhole" or other redemption premium under or in connection with the Senior Secured Notes and/or the indenture(s) and other credit documents for the Senior Secured Notes, (b) a claim for damages or other sums arising under any "no-call" covenant, "right to de-accelerate" the Senior Secured Notes, or other provision of

---

[2] The term "Makewhole Litigation" refers to (a) the contested matter seeking a determination concerning the entitlement of the First Lien Claimants (as defined below) to a makewhole or other redemption premium in respect of the Senior Secured Notes—including for both the 10% Notes and 6.875% Notes; (b) the Adversary Proceeding; and (c) the Joint Motion of CSC Trust Company of Delaware, as Indenture Trustee, and certain EFIH 10% First Lien Noteholders, for Confirmation that the Automatic Stay Does Not Apply or, Alternatively, for Limited Relief from the Automatic Stay, Solely Regarding Rescission of Acceleration (No. 14-10979, Dkt. No. 473).

[3] The term the "EFIH Debtors" refers to Energy Future Intermediate Holding Company LLC and EFIH Finance Inc.

the Senior Secured Notes and/or the indenture(s) and other credit documents for the Senior Secured Notes, or (c) a claim for damages or other sums arising under the "perfect tender rule" or related doctrine under applicable non-bankruptcy law (collectively, a "Redemption Claim"). To the extent the Court deems the issue of "intentional default" to be relevant to the Makewhole Litigation, the Parties shall also litigate as part of Phase One whether the Debtors intentionally defaulted in order to avoid paying an alleged makewhole premium or other damages. With the exception of litigation, if any, concerning the EFIH Debtors' intent at the time of the bankruptcy filing, the Court will assume solely for the purposes of Phase One that the EFIH Debtors are solvent and able to pay all allowed claims of their creditors in full; and it is further

ORDERED that, (A) if the Court determines that the Indenture Trustee and Noteholders are entitled to a Redemption Claim, and (B) if the EFIH Debtors indicate following such determination that they dispute their solvency, the parties shall litigate and the Court shall consider and determine in Phase Two the amount of any Redemption Claim owed by the EFIH Debtors to the First Lien Claimants, including whether the EFIH Debtors are, in fact, solvent, and, if not, whether their insolvency provides a basis under the Bankruptcy Code for disallowing or limiting any Redemption Claim; and it is further

ORDERED that the Court shall enter a separate Scheduling Order with respect to Phase One; and it is further

ORDERED that, promptly following the conclusion of Phase One and the Court's determination of whether the Indenture Trustee and Noteholders are entitled to a Redemption Claim, if necessary, the parties shall arrange for a status conference to be held with the Court to discuss, as applicable, whether the EFIH Debtors dispute their solvency and, if so, the scheduling of discovery and trial for Phase Two, which discovery and trial the Court anticipates will occur

without undue delay but with reasonable time for discovery and the presentation of evidence; and it is further

ORDERED that, as applicable, following that status conference, the Court shall enter any Scheduling Order with respect to Phase Two.

Dated: September 12, 2014

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge